[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------

No. 06-11898
Non-Argument Calendar

------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 17, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00088-CV-1-MP-AK

WILLIAM ANTHONY SURBER,

Plaintiff-Appellant,

versus

DIXIE COUNTY JAIL,

Defendant,

GARRETT COBB, Officer,
BASS, Sergeant
LINSEY MCCANN, Office,
KEITH O'NEAL, Major,

Defendants-Appellees.

------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

------------------------------------

**(November 17, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

William Surber, a Florida prisoner proceeding pro se, appeals the district court's grant of summary judgment to Dixie County Jail correctional officers (the "Defendants") on his 42 U.S.C. § 1983 claim alleging that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.[1] Surber argues that the district court erred in granting summary judgment to Defendants. He contends that he presented evidence that Defendants were aware of his medical needs, after he was involved in a fight at the Dixie County Jail, but delayed in getting him medical treatment. No reversible error has been shown; we affirm.

We review the district court's rulings on a motion for summary judgment de novo; we view all evidence and factual inferences in the light most favorable to the non-moving party. Gay v. Gilman Paper Co., 125 F.3d 1432, 1434 (11th Cir. 1997). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[1]Surber also asserted in his section 1983 complaint that Defendants failed to keep him safe at the Dixie County Jail. But he makes no argument on appeal about this claim; therefore, it is abandoned. See Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned.").

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Deliberate indifference to a prisoner's serious medical needs violates the Eight Amendment. Estelle v. Gamble, 97 S.Ct. 285, 291 (1976). But "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation omitted).

"An inmate who complains that [a] delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment to succeed." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 122 S.Ct. 2508 (2002). "Whether [the] delay in treatment was tolerable depends on the nature of the medical need and the reason for the delay." Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003) (internal quotation omitted). When an inmate receives adequate medical care but desires "different modes of treatment, the care the jail provided [does] not

amount to deliberate indifference." Hamm v. Dekalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

In this case, the record shows these undisputed facts. When Dixie County jail personnel observed Surber in a fight with another inmate shortly after 8 p.m. on 3 June 2003, Surber was taken to the jail's medical unit. About two hours later, Surber was transported to a local hospital emergency room, where he received treatment for pain resulting from injury to his jaw. A hospital physician told Surber that, although he could not be treated fully at the emergency room and needed to see a specialist, Surber did not need to stay at the hospital overnight. Surber returned to the medical unit at the Dixie County Jail; and the following afternoon, he was transported back to the hospital for surgery on his broken jaw. After his surgery, jail officials made arrangements for a nutritionist to provide Surber with a liquid diet until his jaw healed sufficiently for him to return to a regular diet; and Surber received pain medication for several weeks after his injury.

The record shows Surber received a significant amount of medical treatment -- including a visit to the jail medical unit and two trips to the hospital that resulted in surgery on his broken jaw -- within one day of his injury. And Surber has not presented evidence that a delay in his medical treatment had a detrimental effect

4

on him.  See Hill, 40 F.3d at 1188.  Therefore, he has not shown that Defendants

responded to his medical needs with deliberate indifference, which is necessary to

establish a constitutional violation.  The district court properly granted summary

judgment to Defendants.[2]

　　　　AFFIRMED.

---

[2]Surber's argument that a material fact exists because Defendants failed to deny his factual allegation that they delayed providing him with medical attention is without merit.  After Surber filed his section 1983 complaint, the district court ordered Defendants to file a special report, which could be considered a motion for summary judgment; and the court ordered that no party file, among other things, an answer without permission from the district court.  Therefore, Defendants were not permitted to submit an answer denying Surber's factual allegation but instead were restricted to responding only with a special report.  Even so, in their special report, Defendants provided evidence -- through sworn affidavits, medical records, and jail records -- to refute Surber's claim that Defendants delayed his medical treatment.